## HENDLER *v.* HANSEN.

PATENTS; INTERFERENCE; CONSTRUCTION OF CLAIMS.

1. Where the counts of an interference called for an acetylene lamp
    with a reflector supported on the body part, a burner within the
    reflector for receiving the generated gas, and a pyrophoric ignition
    attachment comprising a spark wheel so positioned with reference

to the outer edge of the reflector that it might be operated by wiping the palm of the hand across the reflector, it was *held* that the location of the sparking wheel on the reflector was not of the essence of the invention, the location of the wheel being merely mechanical, so long as it could be successfully operated by a sweep of the hand.

2. In an interference, where the device is a simple one, and it clearly appears that it is inherently capable of being operated in the manner described in the issue, though the party had not originally claimed that it could be so operated, it comes within the rule of law that a patentee is entitled to all the uses to which his invention may be put.

No. 1160.    Patent Appeals.    Submitted May 14, 1918.    Decided May 27, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding awarding priority of invention to the junior party.                    *Reversed.*

The facts are stated in the opinion.

*Mr. James Q. Rice* and *Mr. R. F. Steward* for the appellant.

*Mr. Melville Church, Mr. James R. Offield,* and *Mr. James A. Watson,* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from the decision of the Commissioner of Patents in an interference proceeding awarding priority of invention to the junior party Angie L. Hansen.    The invention relates to "miners' lamp lighters."    The issue is in four counts, of which count 1 is illustrative:

"In an acetylene lamp, the combination of a body part provided with means for generating gas, a reflector supported on the body part, a burner within the reflector for receiving the generated gas, and a pyrophoric ignition attachment comprising a spark wheel, said mechanism being so positioned with reference to the plane of the outer edge of the reflector that when the palm of the hand is wiped across said reflector it will engage

the periphery of the wheel to cause rotation thereof and opera-
tion of the pyrophoric ignition mechanism to ignite the gas."

Max Hendler described the operation of his invention in his
specification as follows: "The operation of my improved de-
vice is apparent; for it is only necessary to place the thumb or
finger on the serrated edges of the disk 8, and to partially rotate
said disk with a quick motion, and as a result, the teeth on said
disk scrape across the forward end of the section of spark-pro-
ducing material, and as a result, sparks of fire are produced
which are thrown directly across the orifice in the burner tip
13, thereby igniting the gas as it issues therefrom."

It was held by the Commissioner and the Board of Examiners
in Chief that the location of the sparking wheel on the reflector
is of the essence of the invention. We think this was error.
The location of the wheel is merely mechanical, so long as it
can be successfully operated by a sweep of the hand. This
sweep may be in either a perpendicular, horizontal, or angular
direction to best suit the convenience and demands of the trade.
The invention consists in the ability of the user, from the rela-
tive position of the spark wheel to the rim of the reflector, to
successfully light the lamp by a sweep of the palm of the hand
across the face of the reflector in contact with the spark wheel.

True, Hendler contemplated this operation by a sweep of the
thumb or finger; but the Examiner of Interferences, in award-
ing priority to Hendler, found from a comparative operation of
the devices of the respective parties that each was equally capa-
ble of operation by a sweep of the hand. This conclusion is
strongly supported by the fact that over 25,000 of the Hendler
lamps have been manufactured, put on the market, and success-
fully used. Further convincing proof is afforded from our
investigation of the operation of the respective devices at bar.
Each could be successfully operated by a sweep of the thumb or
finger, and each could be successfully operated by a sweep of
the hand.

The device is a simple one; and, where it clearly appears
that it is inherently capable of being operated in the manner
described in the issue, it comes within the rule of law that the
patentee is entitled to all the uses to which his invention may be

put. As held by the Examiner, we think the present case comes clearly within this rule. With this point settled in Hendler's favor, the proof clearly establishes his right to prevail.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required. *Reversed.*

Mr. Justice McCoy, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of the appeal in the place of Mr. Justice Robb.